PARKER v. STATE OF INDIANA.

[No. 23,633. Filed January 30, 1920.]

1. CRIMINAL LAW.—Appearance by Counsel.—Denial of Right.— Prejudicial Error.—The denial of the right of one charged with a crime to appear by counsel, in violation of Art. 1, §13, of the Constitution is prima facie prejudicial and requires a reversal of a judgment of conviction on a plea of guilty, unless it is affirmatively shown that he was fully advised by the court as to his rights and the consequences of his plea before entering it. (Batchelor v. State, ante 69, followed.)   p. 87.

2. CRIMINAL LAW.—Plea of Guilty.—Reading Statutes.—Sufficiency as Advice as to Accused's Rights.—Where one charged with murder in the first degree pleaded guilty under circumstances amounting to a denial of his right to appear by counsel as guaranteed by Art. 1, §13, of the Constitution, the acceptance of the plea, upon which the court made a finding of guilty and pronounced the death sentence, without informing the accused as to the consequences of such plea or calling his attention directly to the

punishment that would necessarily follow, was reversible error, the mere reading of the statute defining the offense in the hearing of the accused not being sufficient.   p. 87.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Prosecution by the State of Indiana against James H. Parker. From a judgment of conviction for murder in the first degree, the defendant appeals. *Reversed.*

*George E. Hershman,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

Lairy, J.—On July 2, 1919, the grand jury of Lake county, Indiana, returned into the Lake Criminal Court an indictment against appellant charging him with the crime of murder in the first degree. On the same day appellant was brought from the jail in which he was confined into court, and, being arraigned and asked to plead to the indictment, entered a plea of guilty, which the court accepted. On the next day appellant was brought into court, and the court found him guilty as found in the indictment of murder in the first degree, and that he should suffer death in the manner prescribed by law, and pronounced judgment accordingly.

On July 5, two days later, appellant by his attorney filed in the Lake Criminal Court his motion for an order granting him leave to withdraw his plea of guilty entered on July 2, and to enter a plea of not guilty, and also for an order setting aside the finding and judgment of the court entered on such plea of guilty on July 3, 1919. This motion was by the court overruled. The appellant excepted to such ruling, and on appeal bases his assignment of error thereon.

The facts shown by the affidavits in this case, in so far as they relate to the denial of the right of appellant to appear by counsel, are essentially the same as those set out in the opinion by the court in the case of *Batchelor* v. *State* (1920), *ante* 69, 126 N. E. 773. As held in this case, denial of such a right is *prima facie* prejudicial, and will require a reversal of the judgment unless it is affirmatively shown that he was fully advised as to his rights and the consequences of his plea by the advice and counsel of the court before accepting such plea.

In this case it appears that when appellant appeared before the court for arraignment and plea the court informed appellant that he was charged with murder in the first degree by the indictment, which had just been read to him, and then read in his hearing the statute defining murder in the first degree and fixing the punishment. It does not appear that the court made any explanation to appellant as to the meaning of the statute, or called to his attention the specific punishment which would inevitably follow a plea of guilty.

In other respects the proceedings in the arraignment and plea of appellant did not differ in any essential fact from those shown by the opinion in the case of *Batchelor* v. *State, supra.*

In view of the fact that appellant had been denied the right to consult with counsel, and to be thus advised as to his rights and the consequences of his plea, the court is of the opinion that the mere reading of the statutes in the hearing of appellant was not sufficient to advise him of the consequences of a plea of guilty. Before accepting a plea of guilty to an indictment charging a capital offense,

the court should have called the attention of appellant directly to the punishment which would necessarily follow as a consequence of such a plea. Under the facts shown in this case it cannot be said that appellant voluntarily entered his plea of guilty with full knowledge of the consequences.

On the authority of the case of *Batchelor* v. *State, supra,* the judgment is reversed, with instructions to the trial court to sustain appellant's motion for leave to withdraw his plea of guilty. The clerk of this court is directed to make and certify the usual order for the return of appellant to the custody of the sheriff of Lake county, Indiana.